UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIZABETH ANN MCDONALD
DALLESSIO,

     Plaintiff,

  v.

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant,
_____/

Case No. 2:24-CV-817-KCD

**<u>ORDER</u>**

Plaintiff Elizabeth Ann McDonald Dallessio challenges the Commissioner of Social Security's decision denying her application for Social Security Disability Insurance benefits under 42 U.S.C. § 405(g). (Doc. 1.)[1] For the reasons below, the Commissioner's decision is reversed and remanded for further administrative proceedings.

The procedural history, administrative record, and law are summarized in the parties' briefs (Docs. 12, 17) and not fully repeated here. Dallessio filed for benefits in April 2019, claiming she was disabled as of June 1, 2016. (Tr. 10.) Her petition was denied initially and again on reconsideration. (Doc. 12 at

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

2.) She then exercised her right to further review before an Administrative Law Judge ("ALJ").

An ALJ will apply "a five-step, sequential evaluation process" to determine whether a claimant is disabled. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The first step asks the ALJ to consider whether the claimant is engaged in substantial gainful activity, which is "work that involves significant mental and physical activities and is usually performed for pay or profit." *Henn v. Comm'r of Soc. Sec.*, No. 211-CV-385-FTM-29SPC, 2012 WL 2814011, at *11 (M.D. Fla. June 14, 2012). If a claimant is engaged in substantial gainful activity, they are not disabled. *Id.* at *6.

The Social Security Administration considers several factors when deciding whether a claimant's work is substantial gainful activity. But the claimant's earnings are the "primary consideration." 20 C.F.R. § 404.1574 (a)(1). In fact, earnings are so important that they "create a presumption of substantial gainful activity" if they surpass a certain threshold. *Feurig v. Comm'r of Soc. Sec.*, No. 2:14-CV-321-FTM-DNF, 2015 WL 5559734, at *4 (M.D. Fla. Sept. 21, 2015).

At her hearing with the ALJ, Dallessio testified that she receives $30,000 each year working for her husband's company. (Tr. 43-44, 59-60.) That caught the ALJ's attention, since such earnings far exceed the threshold for substantial gainful activity. (Tr. 14-15, 44.) But there's more to this story.

Dallessio told the ALJ that her earnings have nothing to do with her hours or productivity—the company's accountant sets her salary so she can contribute to a 401(k) and Roth IRA. (Tr. 44.) To support her testimony, Dallessio provided a letter from her husband confirming that she works only six to eight hours each week. (Tr. 303.)

Those facts are important. When determining whether a claimant is engaged in substantial gainful activity, the Social Security Administration does "not consider any income that is not directly related to [a claimant's] productivity." 20 C.F.R. § 404.1574(a)(2). That requires the Commissioner to sometimes scrutinize a claimant's earnings. *See* SSR 83-33 (S.S.A. 1983). For instance, if a benevolent employer subsidizes a claimant's earnings by paying more than the reasonable value of their services, the Commissioner must subtract the subsidized portion of the claimant's earnings *before* considering whether they create a presumption of substantial gainful activity. 20 C.F.R. § 404.1574 (a)(1)-(2).

Under the Social Security Regulations, there is a "strong possibility of a subsidy" when the claimant alleges they have not fully earned their salary or "[t]here appears to be a marked discrepancy" between their pay and the value of the services they provide. *See* SSR 83-33. Dallessio's testimony suggests that she may not fully earn her pay. (Tr. 44.) And as the ALJ remarked during the hearing, Dallessio is paid "a lot of money for working only six hours a week."

3

(*Id.*) That should have led the ALJ to investigate whether—and how much—Dallessio's earnings were subsidized. *See Hornung v. Saul*, No. 3:19-CV-166-MCR-HTC, 2020 WL 5260786, at *4–5 (N.D. Fla. Aug. 6, 2020).

Such an investigation would ask whether "the true value of [Dallessio's] work, when compared with the same or similar work done by unimpaired persons, is less than the actual amount of earnings" she received. 20 C.F.R. § 404.1574 (a)(2). "In most instances, the amount of a subsidy can be ascertained by comparing the time, energy, skills, and responsibility involved in the [claimant]'s services with the same elements involved in the performance of the same or similar work by unimpaired individuals in the community and estimating the proportionate value of the [claimant]'s services according to the prevailing pay scale for such work." SSR 83-33. If the ALJ cannot obtain "a satisfactory explanation identifying a specific amount [of the claimant's earnings] as a subsidy, then it will be necessary [for her] to obtain answers to" a set of questions, outlined in the Social Security Regulations, targeting the relationship between the claimant's services and their earnings. *Id.*

In this case, the ALJ found Dallessio not disabled because her earnings exceeded the "substantial gainful activity" threshold between 2019 and 2023. (Tr. 14-15.) Although she acknowledged a gap between Dallessio's actual work and her wages, the ALJ did not attempt to compare "the time, energy, skills, and responsibility" involved in Dallessio's work with "the performance of the

4

same or similar work by unimpaired individuals in the community." SSR 83-33. Nor did the ALJ use the questions outlined in the Social Security Regulations to explore the relationship between Dallessio's services and her earnings. *Id.* Even if she believed her efforts would be in vain (*see* Tr. 44), the ALJ needed to try to develop the record by exploring these lines of inquiry. *See Hornung*, 2020 WL 5260786, at *5.

Because the ALJ did not investigate whether—and how much—Dallessio's earnings were subsidized at the hearing, her opinion glosses over the question. But this was not something the ALJ could ignore. *See* 20 C.F.R. § 404.1574(a)(2). She needed to grapple with the question before using Dallessio's earnings to establish that Dallessio was engaged in substantial gainful activity. *See Henn*, 2012 WL 2814011, at *13 ("[SSR 83–33] provides that, when determining [substantial gainful activity], only earnings that represent a person's own productivity are considered and, before the earnings guidelines at 20 C.F.R. §§ 404.1574, 416.974 are applied, it is necessary to ascertain what portion of the individual's earnings represents the actual value of the work he or she performed.").

At bottom, the ALJ erred when she relied on Dallessio's earnings to presume that she was engaged in substantial gainful activity. 20 C.F.R. § 404.1574 (a)(2). Although an ALJ's decision needs only to be supported by substantial evidence—a low standard to be sure—the Court cannot say that

5

the ALJ's opinion meets that standard here. *See Hornung*, 2020 WL 5260786, at *5 ("An ALJ's failure to consider the impact of a subsidy requires a remand of the decision, as without such consideration, a reviewing court cannot find that the ALJ's conclusion is supported by substantial evidence.").

One last thing. The Court declines to confront Dallessio's remaining arguments because they could be rendered moot with any new decision from the ALJ. *See, e.g., Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating it is unnecessary to review other issues raised on appeal where remand is required and such issues will likely be reconsidered in the later proceedings); *Bekiempis v. Colvin*, No. 8:16-cv-192-T-27TGW, 2017 WL 459198, at *5 (M.D. Fla. Jan. 17, 2017). Accordingly, it is now **ORDERED**:

1.  The decision of the Commissioner is **REVERSED and REMANDED** under 42 U.S.C. § 405(g) for the Commissioner to consider what portion—if any—of Dallessio's earnings are a subsidy and, after it has made that determination, to reconsider whether her work constitutes substantial gainful activity. On remand, the Commissioner should also take any other action deemed necessary.

2.  The Clerk is directed to enter judgment for Elizabeth Ann McDonald Dallessio and against the Commissioner and close the file.

**ENTERED** in Fort Myers, Florida on May 2, 2025.

                                                        Kyle C. Dudek
                                                        United States Magistrate Judge